IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LINDSEY NELSON, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV 118-166 |
| | ) |
| TAMALA BROWN, | ) |
| | ) |
| Respondent. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

**I.     BACKGROUND**

Petitioner reports he was convicted in 2001 in the Superior Court of Jefferson County, Georgia of multiple crimes, including burglary with intent to commit a theft, burglary with intent to commit a felony, and terroristic threats and acts. (Doc. no. 1, p. 1.) The Georgia Court of Appeals affirmed his convictions on December 6, 2005.[1] (Id. at 2.) Petitioner filed a state habeas corpus petition in the Superior Court of Mitchell County, Georgia, and the court denied the petition on January 27, 2009. (Id.) Petitioner also appears to have applied

---

[1] See also http://www.gaappeals.us/docket (follow docket hyperlink; search "Nelson"; click on A05A1889; last visited Oct. 30, 2018).

for a certificate of probable cause to appeal, which the Georgia Supreme Court denied. (Id. at 3.) Petitioner filed an extraordinary motion for new trial, which the Jefferson County Superior Court denied on September 27, 2017. (Id. at 4.) Petitioner filed an application for discretionary appeal, which the Georgia Court of Appeals denied on November 9, 2017.[2] (Id.) Petitioner does not report filing any prior request for federal habeas corpus relief. (Id. at 1-5.) However, the Court is aware Petitioner has filed a prior federal habeas corpus petition related to the 2001 convictions. Nelson v. Frazier, CV 108-033 (S.D. Ga. Mar. 6, 2008).

In the first federal petition, Petitioner argued he was entitled to relief based on several grounds, including he was subjected to double jeopardy, tried on a "multiplicitous and duplicitous indictment," and his sentence was invalid.[3] CV 108-033, doc. no. 16, pp. 4-6. Chief United States District Judge J. Randal Hall denied the petition as procedurally defaulted and entered final judgment in favor of the respondent. Id., doc. nos. 16, 21. The Eleventh Circuit Court of Appeals granted a certificate of appealability, however, Petitioner conceded in his appellate brief the claim was procedurally defaulted, and the Eleventh Circuit affirmed the Court's denial of his petition. Id., doc. nos. 32, 37.

On August 10, 2015, Petitioner filed a motion for leave to file a second or successive § 2254 petition, which the Eleventh Circuit Court of Appeals denied. See In re: Lindsey Nelson, Jr., No. 15-13575-C, *slip op.* (11th Cir. Sep. 1, 2015), also docketed in CV 108-033, doc. no. 39.

---

[2]See also http://www.gaappeals.us/docket (follow docket hyperlink; search "Nelson"; click on A18D0154; last visited Oct. 30, 2018).

[3]United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

On September 4, 2018 Petitioner filed the instant request for federal habeas corpus relief, arguing (1) merger claims cannot be waived, (2) the trial court erred by merging grounds one and two of his indictment, (3) grounds two and three of his indictment should have been merged, and (4) the indictment was multiplicitous and duplicitous. (See generally doc. no. 1.)

## II.   DISCUSSION

Because Petitioner filed a prior application for a federal writ of habeas corpus, the current application is successive.

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states as follows:  "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   28 U.S.C. § 2244(b)(3)(A).  Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ."  Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999).  Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Here, Petitioner has not been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition.  In fact, the Eleventh Circuit Court of Appeals specifically rejected Petitioner's request to file a second or successive petition. See In re: Lindsey Nelson, Jr., No. 15-13575-C.  Without such authorization, this Court cannot consider Petitioner's claims.  See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir.

3

2005) (explaining AEDPA's restrictions on second or successive petitions and concluding "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition"); see also In re Medina, 109 F.3d at 1564 (affirming dismissal of claims as successive because the petitioner did not first file an application with the Eleventh Circuit).

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals.  Therefore, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of November, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA